UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NORMAN LEWIS,

Petitioner,

v.

DARWIN LACLAIR,

Respondent.

9:17-CV-1142
(GLS/ATB)

---

APPEARANCES:

OF COUNSEL:

NORMAN LEWIS
Petitioner, pro se
14-A-1205
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, NY 14716

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

Petitioner Norman Lewis filed a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. §2254. Dkt. No. 3, Petition ("Pet."); Dkt. No. 1-1, Exhibits. He has paid the filing fee.

Petitioner challenges a 2013 judgment of conviction in Albany County, upon his guilty plea, of criminal possession of a controlled substance in the third degree. Pet. at 1.[1] Petitioner asserts that the New York State Supreme Court, Appellate Division, Third Department, affirmed his judgment of conviction, and that he is now "in the process of

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[a]ppealing to the Court of Appeals[.]" *Id.* at 2.[2] Additionally, petitioner asserts that, in June 2017, he filed a motion to vacate his judgment of conviction. *Id.* at 3. Petitioner appears to assert that he is also "in the process of appealing" the denial of his motion. *Id.* at 4-5.

Petitioner appears to argue that he is entitled to habeas relief on the following grounds: defense counsel rendered ineffective assistance, he was subjected to an unreasonable search and seizure, and there was "no conformation of the evidence" (Ground One); "[c]ertain facts and issues were overlooked by the lower court as well as the Appellate Court" (Ground Two); defense counsel rendered ineffective assistance with regard to the issues of "[p]robable [c]ause," an "[i]llegal [s]earch and [s]eizure," and "[d]efective [l]ab [r]eports" (Ground Three); and he filed a motion to vacate, thereby "ma[king] the issues record base[d]" (Ground Four). *Id.* at 5-10. For a complete statement of petitioner's claims, reference is made to the petition.

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

---

[2] Although petitioner asserts that the Third Department affirmed his conviction on September 7, 2017, it appears that the actual date of the Third Department's opinion was October 27, 2016. Dkt. No. 1-1 at 1-4; *accord, People v. Lewis*, 143 A.D.3d 1183, 1183 (3d Dep't 2016).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

As noted, petitioner states that his direct appeal–and, apparently, his application for leave to appeal from the denial of his motion to vacate–is still pending before the Court of Appeals. Pet. at 2, 5. Based upon his petition, the highest state court capable of reviewing petitioner's claims has not yet done so. His claims are therefore unexhausted.

There is no basis on the record before the Court to conclude that there is an absence of available State corrective process (*e.g*., where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g*. where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his appeals. It is not futile to require him to complete exhaustion of his state court

remedies before pursuing a federal habeas petition.

Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition after petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[3]

Petitioner is reminded that, in the event that he files a habeas petition after exhausting his claims in state court, that petition must comply with Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules"). More specifically, the petition

---

[3] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

Additionally, under the AEDPA, habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548. The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). To avoid any problems with the statute of limitations, petitioner should promptly re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies.

must name as respondent the superintendent of petitioner's confinement. Habeas Rule 2(a). Additionally, the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)-(2). The petition currently under review does not clearly identify the grounds for relief asserted by petitioner, and contains virtually no factual allegations in support of the grounds asserted. The failure to clearly identify the asserted grounds for relief and state the facts supporting each ground for relief may result in dismissal of any future petition.

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 3) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Court's Local Rules of Practice.

November 16, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).